IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VITAWEE NISHIDA AND ROBERT NISHIDA,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>UR JADDOU, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, WASHINGTON, D.C.; AND JAYCI RONEY, DIRECTOR, USCIS HONOLULU FIELD OFFICE, HONOLULU, HI 96813;<br><br>　　　　　　Defendants. | CIV. NO. 23-00409 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THIS CASE FOR FAILURE TO SERVE AND DILIGENTLY PROSECUTE |

**FINDINGS AND RECOMMENDATION TO DISMISS THIS CASE FOR FAILURE TO SERVE AND DILIGENTLY PROSECUTE**

This Court issued an *Order to Show Cause* why this action should not be dismissed for lack of service on January 23, 2024 and directed Plaintiffs to respond to the *OSC* by no later than February 13, 2024.  ECF No. 7.  This Court has cautioned Plaintiffs that "failure to timely file a response to this OSC or one that fails to establish good cause for their failure to timely and properly serve the summons and Complaint may result in this Court finding and recommending the district judge dismiss this action."  *Id*.  Nevertheless, to date, Plaintiffs have not filed a response.  Because of the lack of response, the Court finds it appropriate to

decide the *OSC* without a hearing pursuant to the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules").

Plaintiffs filed their *Complaint for Writ of Mandamus and Commmplaint [sic] Under Administrative Procedure Act* ("Complaint") on October 2, 2023 and paid the filing fee on that same day. ECF Nos. 1 & 2. However, since the commencement of this case, Plaintiffs have not served the *Summons* and *Complaint* on any of the Defendants or made any attempt to request an extension of the January 2, 2024 deadline to serve. The deadline to serve is calculated pursuant to Rule 4(m) of the Federal Rules of civil Procedure ("Fed. R. Civ. P."), which requires that the *Summons* and *Complaint* be "served within 90 days after the complaint is filed."

On November 20, 2023, this Court reminded Plaintiffs of the 90-day deadline under Fed. R. Civ. P. 4(m) and of their obligation to comply with the Local Rules and the service deadline. ECF No. 6. After the deadline to serve has passed, Plaintiffs could have shown good cause for their failure, and if so found, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). However, Plaintiffs have made no attempt to establish good cause.

There are several factors the court reviews in order to determine whether good cause for the delay in service exists, and the court determines good cause on a case-by-case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)) (citation omitted). "[A]t a minimum, 'good cause' means excusable neglect." *Id*. (quoting

*Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).  In order to determine whether good cause or excusable neglect exists such that the deadline to serve should be extended, the Court considers three factors:

> "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."

*Id*. (quoting *Boudette*, 923 F.2d at 756) (citation omitted).  The record does not indicate that the Defendants have actual notice of the lawsuit.  The Defendants would suffer prejudice due to the delay caused by Plaintiffs' failure to diligently prosecute this case, and failure to follow the rules and the Court's directives.  There is no indication that the Plaintiffs would suffer severe prejudice if the *Complaint* is dismissed because the dismissal would be without prejudice.  Based on these three factors, the Court cannot find that there is good cause to extend the deadline to serve.  When good cause cannot be found to extend the time for service, the district court has the discretion to dismiss this case without prejudice or to extend the time period.  *Id*. at 512 ("if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period").

The Court must weigh five factors to determine whether this case should be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b) and Local Rule 16.1.  *States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970); *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  The five factors are:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors").

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).  On November 20, 2023, due to Plaintiffs' failure to litigate with diligence, the Court continued the Rule 16 Scheduling Conference from November 27, 2023 to February 1, 2024.  ECF No. 6.  On January 23, 2024, the Court again continued the Rule 16 Scheduling Conference from February 1, 2024 to April 3, 2024.  ECF No. 7.  The delays and rescheduling of the Court's calendar caused by Plaintiffs' failure to timely serve the Defendants or to respond to the Court's *OSC* show that the first and second factors weigh in favor of dismissal.

The third and fourth factors also weigh in favor of dismissal.  The risk of prejudice to Defendants weighs in favor of dismissal as Defendants, through no fault of their own, will continue to face Plaintiffs' allegations of wrongdoing without any opportunity to address the merits.  There are also no less drastic alternatives that can be considered in light of Plaintiffs' failure to respond to the *OSC*.  The final factor, public policy, weighs against dismissal, but does not outweigh the four factors that favor dismissal.  Accordingly, the Court finds that dismissal is appropriate in this case.

## **CONCLUSION**

Based upon the foregoing, the Court **FINDS** that Plaintiffs failed to timely serve the Defendants the *Summons* and *Complaint*, good cause cannot be found to extend the deadline to serve under Fed. R. Civ. P. 4(m), and Plaintiffs failed to diligently prosecute this case. The Court **RECOMMENDS** that the district court dismiss this case without prejudice based on Plaintiffs' failure to serve and failure to diligently prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 14, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00409 JMS-RT; *Vitawee Nishida, et al. vs. Ur Jaddou, Director, U.S. Citizenship and Immigration Services, Washington, D.C., et al.;* Findings and Recommendation to Dismiss this Case for Failure to Serve and Diligently Prosecute